IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREEM J. STANSBURY, | ) | |
|     Petitioner, | ) | C.A. No. 12-242 Erie |
| | ) | |
| vs. | ) | District Judge Cohill |
| | ) | Magistrate Judge Baxter |
| WARDEN MEEKS, | ) | |
|     Respondent. | ) | |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that Petitioner's Motion for Preliminary Injunction [ECF No. 2] be denied.

## II. REPORT

### A. Relevant Procedural History

Petitioner, an inmate at the Federal Correctional Institution at McKean in Bradford, Pennsylvania ("FCI-McKean"), instituted this habeas corpus action seeking restoration of good time credits and immediate release from imprisonment. In his petition, Petitioner claims that he was denied due process at a disciplinary hearing on May 9, 2012, that resulted in a guilty verdict and the revocation of 98 days of good time credit. [ECF No. 6].

In conjunction with his habeas petition, Petitioner filed a motion for temporary restraining order [ECF No. 2], seeking his immediate release from incarceration based upon the same due process arguments raised in his petition.

**B.    Standard of Review**

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993); see also Hoxworth v. Blinder, Robinson & Company. Inc., 903 F.2d 186, 189 (3d Cir. 1990).  Where the requested preliminary injunction "is directed not merely at preserving the status quo but ... at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir.1980); see also Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir.1994).  Indeed, "[m]andatory injunctions should be used sparingly," and only when the status quo is one of action that will inflict irreparable injury on the movant.  United States v. Price, 688 F.2d 204, 212 (3d Cir.1982).  A preliminary injunction is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993).

The four factors that must be shown for the issuance of a preliminary injunction are: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the non-moving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticello, 613 F.3d 102, 109, (3d Cir. 2010), quoting Miller v. Mitchell, 598 F. 3d 139, 147 (3d Cir. 2010).  However, if the record does not at least support a finding of **both** irreparable injury and a likelihood of success on the merits, then preliminary injunctive relief cannot be granted.  Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).

The initial inquiry is as follows: the movant must demonstrate both (1) that he is

reasonably likely to succeed on the merits and (2) that he is likely to experience irreparable harm without the injunction. Adams, 204 F.3d at 484. If both of these factors are shown, the effect on the nonmoving parties and the public interest may be considered. Id. As a court sitting in equity, the district court must weigh the four factors, but it is not incumbent on the movant to prevail on all four factors, only on the overall need for an injunction. Neo Gen Screening, Inc. v. TeleChem Intern., Inc., 69 Fed.Appx 550, 554 (3d Cir. 2003).

The Third Circuit "has placed particular weight on the probability of irreparable harm and the likelihood of success on the merits." Ortho Biotech Products, L.P. v. Amgen Inc., 2006 WL 3392939 at *5 (D.N.J.) quoting Apollo Tech Corp. v. Centrosphere Indus. Corp., 805 F.Supp. 1157, 1205 (D.N.J. 1992). In fact, irreparable injury is the key: "irreparable injury must be present for a preliminary injunction to issue." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989). See also In re Arthur Treacher's Franchisee Litig., 689 F.2d 1137, 1143 (3d Cir. 1982)("a failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction").

**C.    Discussion**

In this case, Petitioner's request for immediate relief in his motion for temporary restraining order necessarily seeks resolution of the ultimate issue presented in Petitioner's habeas corpus petition, i.e., the constitutional validity of the disciplinary proceedings that resulted in his loss of 98 days of good conduct time. Thus, Petitioner cannot demonstrate that he will suffer irreparable harm if he is not granted a temporary restraining order because the ultimate

issue presented will be decided by this Court in due course upon consideration of Petitioner's habeas corpus petition. As a result, Petitioner's motion for temporary restraining order should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Petitioner's motion for temporary restraining order [ECF No. 2] be denied.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date: November 19, 2012

cc: The Honorable Maurice B. Cohill
United States District Judge