IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREEM J. STANSBURY, | ) | |
| Petitioner, | ) | Civil Action No. 12-242 |
| | ) | |
| v. | ) | District Judge Maurice B. Cohill |
| | ) | Magistrate Judge Susan Paradise Baxter |
| WARDEN MEEKS, | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus filed by former federal prisoner Kareem J. Stansbury be dismissed and that this case be closed. The petition has not been served yet but this Court must summarily dismiss it as moot because Stansbury was released from his term of imprisonment on November 16, 2012. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases (applicable to § 2241 cases through Rule 1(b)).

**II.     REPORT**

Stansbury's filed his petition pursuant to 28 U.S.C. § 2241 on October 10, 2012. He was most recently incarcerated at the Federal Correctional Institution McKean, which is located in Bradford, Pennsylvania. In his petition, he challenged a disciplinary action taken against him on May 9, 2012, in which he lost 98 days of good conduct time. As relief, he sought an order from this Court directing that his good conduct time be restored and that he be released immediately.

According to the Bureau of Prisons' (the "BOP's") public records, of which this Court shall take judicial notice, Stansbury's term of imprisonment expired on November 16, 2012. He has been released and is no longer in BOP custody.

1

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution. See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998); see also Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant *and likely to be redressed by a favorable judicial decision*." Burkey, 556 F.3d at 147 (emphasis added) (citing Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990) and Allen v. Wright, 468 U.S. 737, 750-751 (1984); Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471-473 (1982)).

"This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a 'personal stake in the outcome' of the lawsuit." Spencer, 523 U.S. at 7; Burkey, 556 F.3d at 147. Thus, if developments occur during the course of adjudication that eliminate a habeas petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. Id.; Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996); New Rock Asset Partners v. Preferred Entity Advancements, 101 F.3d 1492, 1496-97 (3d Cir. 1996).

Applying the above precepts to this case, the petition is moot. Because Stansbury has been released from BOP custody, the relief he sought in his petition is no longer of consequence to him; he no longer has the requisite "personal stake" in the outcome of the litigation. Spencer, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so."); Burkey, 556 F.3d at 147. Accordingly, there is no case or controversy for this Court to consider, and the petition must be dismissed as moot.[1]

---

[1] 28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus [ECF No. 6] be dismissed.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: November 19, 2011

cc: The Honorable Maurice B. Cohill
United States District Judge

---

not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.