IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kareem J. Stansbury, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil Action No. 12-242 Erie |
| | ) |
| WARDEN MEEKS, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM ORDER

On October 10, 21012, Federal prisoner Kareem J. Stansbury filed an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction and Request for an Emergency Hearing [ECF #2]. Thereafter, on October 29, 2012 he filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF #6].

In his filings, Stansbury alleged that on May 9, 2012, the Center Discipline Committee ("CDC") at Kintock had improperly determined that he had committed various prohibited acts and, as a sanction, he lost 98 days of good conduct time. In his habeas petition, Stansbury sought as relief an Order from this Court directing that all of his good conduct time be restored and that he be released.

The magistrate judge issued two (2) Report and Recommendations on the matter. The first Report and Recommendation ("Emergency Motion R&R") [ECF #9], filed on November 19, 2012, recommended that Petitioner's Motion for a Temporary Restraining Order [ECF #2] be denied:

> In this case, Petitioner's request for immediate relief in his motion for temporary restraining order necessarily seeks resolution of the ultimate issue presented in Petitioner's habeas corpus petition, i.e., the constitutional validity of the disciplinary proceedings that resulted in his

> loss of 98 days of good conduct time, Thus, Petitioner cannot demonstrate that he will suffer irreparable harm if he is not granted a temporary restraining order because the ultimate issue presented will be decided by this Court in due course upon consideration of Petitioner's habeas corpus petition.

Emergency Motion R&R, pp. 3-4.

The second Report and Recommendation ("Summary Dismissal R&R") [ECF #10], also filed on November 19, 2012, recommended that the habeas petition be summarily dismissed as moot. The rationale behind this recommendation was that the relief sought by Petitioner in this matter was that his good conduct time be restored and he be released immediately, and the Court had taken judicial notice of public Bureau of Prison ("BOP") records which showed that Petitioner's term of imprisonment expired on November 16, 2012: "Because Stansbury has been released from BOP custody, the relief he sought in his petition is no longer of consequence to him; he no longer has the requisite 'personal stake' in the outcome of the litigation. Accordingly, there is no case or controversy for this Court to consider, and the petition must be dismissed as moot." Summary Dismissal R&R, p. 2 (citations and footnote omitted).

Petitioner Stansbury had until December 6, 2012 to file any objections to the two R&Rs; none were filed.

After de novo review of the pleadings and documents in the case, together with the two Report and Recommendations [ECF ## 9 and 10] from Magistrate Judge Baxter, the following Order is entered:

2

AND NOW, this 17th day of December, 2012, it is HEREBY ORDERED, ADJUDGED AND DECREED that the Reports and Recommendations of Magistrate Judge Baxter [ECF ## 9 and 10], both dated November 19, 2012, are adopted as the Opinions of the Court.

It is further ORDERED, ADJUDGED, AND DECREED that that Petitioner's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction and Request for an Emergency Hearing [ECF #2] is DENIED and his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF #6] is DISMISSED AS MOOT.

The Clerk of Court shall mark this case CLOSED.

Maurice B. Cohill, Jr.
Senior District Court Judge

cc: KAREEM J. STANSBURY
59668-066
MCKEAN
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 8000
BRADFORD, PA 16701